# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

MARVIN B. SMITH; and SHARON H.
SMITH,

        Plaintiffs,

      v.

HSBC BANK USA, NATIONAL
ASSOCIATION; WELLS FARGO BANK,
NATIONAL ASSOCIATION; S. ANDREW
SHUPING, JR.; SHUPING, MORSE AND
ROSS, LLP; RUBIN LUBLIN, LLC; BRET
CHANESS; and PETER LUBLIN,

        Defendants.

CIVIL ACTION NO.: 2:15-cv-70

## O R D E R

This matter is before the Court on Defendants HSBC Bank, National Association, and Wells Fargo Bank, National Association's Motion to Stay Discovery Deadlines (doc. 11); Defendants Rubin Lublin, LLC, Bret Chaness, and Peter Lublin's Motion to Stay Discovery and Pretrial Deadlines (doc. 14); and Defendants S. Andrew Shuping, Jr. and Shuping, Morse & Ross, LLP's Motion to Stay Pre-trial Deadlines (doc. 21). Plaintiffs have made no response or objection to these motions. After careful consideration and for the reasons set forth below, Defendants' Motions are **GRANTED**.

The above-styled action was removed from the Superior Court of Glynn County, Georgia, by Defendants HSBC Bank, National Association and Wells Fargo Bank, National Association on June 9, 2015. (Doc. 1.) Plaintiffs objected to this removal (doc. 4) and filed a Motion to Remand on June 15, 2015 (doc. 5). On June 16, 2015, Defendants Rubin Lublin,

LLC, Bret Chaness, and Peter Lublin filed a Motion to Strike the Complaint (doc. 8); Defendants HSBC Bank, National Association and Wells Fargo Bank, National Association filed a Motion to Dismiss (doc. 10) contemporaneously with their motion to stay; and Defendants S. Andrew Shuping, Jr, Shuping, Morse and Ross, LLP also filed a Motion to Strike the Complaint (doc. 12).

In their present motions to stay, Defendants request a stay of discovery and all deadlines imposed by Federal Rule of Civil Procedure 26 and the Court's Local Rules 16 and 26, including providing Initial Disclosures and conducting a Rule 26(f) Conference to file a Rule 26(f) Report, in this matter pending a resolution of the Defendants' Motions to Strike Complaint and Motion to Dismiss.

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230,

at *1 (M.D. Fla. Mar. 2, 2011) (quoting <u>Moore v. Potter</u>, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

In the case at hand, the Court finds that good cause exists to stay this case until such time as a ruling is made on Defendants' motions and that no prejudice will accrue to the parties if Defendants' requests are granted. Specifically, a ruling on Defendants' Motions to Strike Complaint (docs. 8, 12) and Motion to Dismiss (doc. 10) before the commencement of discovery may save the parties time and resources by clarifying what issues the parties will need to address in discovery.

**THEREFORE, IT IS HEREBY ORDERED** that all proceedings, including discovery, are **STAYED** pending a ruling by the Court on Defendants Rubin Lublin, LLC; Bret Chaness; and Peter Lublin's Motion to Strike the Complaint (doc. 8); Defendants HSBC Bank, National Association and Wells Fargo Bank, National Association's Motion to Dismiss (doc. 10); and Defendants S. Andrew Shuping, Jr, Shuping, Morse and Ross, LLP's Motion to Strike the Complaint (doc. 12). It is further **ORDERED** that within twenty-one (21) days following the Court's ruling on Defendants' Motions, should this case remain pending before the Court, the parties are directed to meet and confer pursuant to Rule 26(f). Additionally, the parties are to file a Rule 26(f) Report within fourteen (14) days of the Rule 26(f) conference.

**SO ORDERED**, this 20th day of July, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA