# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| MARVIN B. SMITH; and SHARON H. SMITH, | |
| Plaintiffs, | CIVIL ACTION NO.: 2:15-cv-70 |
| v. | |
| HSBC BANK USA, NATIONAL ASSOCIATION; WELLS FARGO BANK, NATIONAL ASSOCIATION; S. ANDREW SHUPING, JR.; SHUPING, MORSE AND ROSS, LLP; RUBIN LUBLIN, LLC; BRET CHANESS; and PETER LUBLIN, | |
| Defendants. | |

## ORDER

Presently before the Court is Plaintiffs' Motion to Remand this case to the Superior Court of Glynn County, Georgia, dkt. no. 5, and Defendants' Motions to Strike, or, in the Alternative, Motion to Dismiss Plaintiffs' Complaint. Dkt. Nos. 8, 10, 12. For the reasons stated below, the Court **DENIES** Plaintiffs' Motion to Remand, **GRANTS** Defendants' Motions to Strike Plaintiffs' Complaint, **DISMISSES** Plaintiffs' claims with prejudice, and **CLOSES** this case. Accordingly, Plaintiffs' pending Motion to Stay Defendants' Motions to Dismiss Plaintiff's Complaint is **DISMISSED as moot.**

## BACKGROUND

In this action, Plaintiffs Marvin and Sharon Smith assert myriad claims against entities and individuals involved in the foreclosure of their home.[1] See Dkt. No. 1-1, pp. 5-6. In August 2006, the Smiths obtained a loan for $1,767,500.00 from Synovus Mortgage Corporation and signed a security deed pledging as collateral their property at 311 10th Street, Saint Simons Island, Georgia. Id. at pp. 110-32. In 2007, Plaintiffs filed a Chapter 7 bankruptcy petition and ceased making payments on their loan. Dkt. No. 1-1, p. 13. Over the next eight years, as summarized below, Plaintiffs brought cases stemming from their Chapter 7 bankruptcy to this Court as plaintiffs or appellants no less than fourteen times, of which at least three have been cases challenging their home loan and foreclosure proceedings.

Due to their numerous frivolous filings, both the United States Bankruptcy Court and the Eleventh Circuit Court of Appeals sanctioned Plaintiffs for engaging in abusive litigation. In 2012, the United States Bankruptcy Court for the Southern District of Georgia sanctioned Plaintiffs *sua sponte* under 11

---

[1] In their Complaint, Plaintiffs allege that Defendants wrongfully foreclosed upon their home and committed fraud upon the Court. Specifically, Plaintiffs allege that Defendants' foreclosure of their home violated the federal and Georgia Racketeer Influenced and Corruption Organizations ("RICO") Acts, the Federal Debt Collection Protection Act, the Georgia Fair Business Protection Act, and Georgia Elder Abuse laws. Plaintiffs further allege that Defendants are liable for breaches of contract, breaches of good faith and fair dealing, negligence, and fraud by omission, and that Defendants have been unjustly enriched by the foreclosure of Plaintiffs' home. Dkt. No. 1-1, pp. 5-6.

U.S.C. § 105(a) and its inherent powers, concluding that Plaintiffs "have advanced groundless and patently frivolous litigation over the past three years solely to harass a secured creditor and to prevent the enforcement of an order of this Court" and that "the Smiths give no indication that this behavior will change, absent judicial action." Smith v. BAC Home Loans Servicing LP, (In Re: Smith), No. 07-20244, 2012 WL 4758038 (Bankr. S.D. Ga. Sept. 17, 2012). The Bankruptcy Court sanctioned Plaintiffs from further abusive filings as follows:

> The Smiths are barred from filing any pleadings or motions in this Court wherein they name Countrywide Home Loans Inc., Countrywide Home Loan Servicing LP, or BAC Home Loans Servicing LP. The Smiths are instead directed to submit any such pleading to the Clerk of Court. The Clerk will then submit the pleading to me, and I will determine whether the pleading asserts a meritorious claim or simply reasserts the claim that I dismiss in this Order. If a pleading is appropriate, it will be docketed. If a pleading is inappropriate, it will be docketed as stricken, but will not be publicly viewable.

Id. at *9.

On appeal, the Eleventh Circuit sanctioned Plaintiffs for filing a frivolous appeal and expanded the Bankruptcy Court's pre-screening injunction as follows:

> In addition to the pre-screening injunction imposed by the bankruptcy court, which remains in place, Appellants are hereby ENJOINED from filing any pleadings, motions, or other papers seeking any form of relief against Appellee and/or any of its predecessor or successor entities in any action in any other court, state or federal, in the United States, without first obtaining leave from the district court.

Smith v. Countrywide Home Loans, Inc., No. 13-13808-DD (11th Cir. Dec. 19, 2013). Undeterred by the sanctions orders, Plaintiffs filed a request to file another lawsuit in the Bankruptcy Court. When the Bankruptcy Court did not rule on their request as quickly as they wished, Plaintiffs filed a motion for leave to file suit in this Court, which the Court rejected as frivolous. Smith v. Countrywide Home Loans, No. CV214-136, 2014 WL 4854715, at *1 (S.D. Ga. Sept. 22, 2014). The Bankruptcy Court then denied Plaintiffs leave to file the lawsuit—noting that it raised the same challenges that had been previously rejected—and admonished Plaintiffs for "continuing to file baseless and vexatious lawsuits" in hopes of indefinitely delaying foreclosure. Order, In Re: Smith, No. 07-20244 (Bankr. S.D. Ga. Oct. 6, 2014), ECF No. 648. This Court denied their appeal of the Bankruptcy Court's order as "utterly frivolous and lacking in any basis of good faith." Order, In Re: Smith, No. MC214-13 (S.D. Ga. Dec. 16, 2014), ECF No. 1.

When foreclosure proceedings resumed, Plaintiffs filed a nearly identical lawsuit in the United States District Court for the Southern District of New York. Dkt. No. 1-1, pp. 50-109. In that lawsuit, Plaintiffs named as Defendants: HSBC Bank USA, National Association, in its capacity as trustee for the trust in which Plaintiffs' loan is located; Wells Fargo Bank, as master servicer of the trust in which Plaintiffs' loan is located; and

Shuping, Morse, and Ross, LLP and Rubin Lublin, LLC, the law firms handling the foreclosure sale of their property, as well as attorney S. Andrew Shuping, Jr. Id. at 53. After the United States District Court for the Southern District of New York transferred the case to this Court, Rubin Lublin, LLC, moved to strike it as barred by the Eleventh Circuit's injunction. Mot. to Strike, Smith v. HSBC Bank, USA, 2:15-cv-47, (S.D. Ga. Apr. 24, 2015), ECF No. 6. Plaintiffs then voluntarily withdrew their complaint on May 7, 2015, dkt. no. 1-1, p.8, and, on the same day, filed a nearly identical complaint in the Glynn County, Georgia, Superior Court, listing attorneys Brett Chaness and Peter Lublin as named defendants, dkt. no. 1-1, p. 4. Shortly after filing suit in the Southern District of New York, Plaintiffs, without obtaining prior approval from this Court or the Bankruptcy Court, also filed a petition for a temporary restraining order ("TRO") in the Superior Court of Glynn County, Georgia, on April 29, 2015, to enjoin the foreclosure sale of their property. Id. at p. 11. The Glynn County Superior Court denied Plaintiffs' request for a TRO, noting their "established history of engaging in frivolous litigation." Id. at pp. 318, 324. Defendants filed a notice of removal of Plaintiffs' Complaint in this Court, to which Plaintiffs filed a Motion to Remand. Dkt. No. 1; Dkt. No. 5. Defendants filed Responses

opposing Plaintiffs' Motion to Remand and moved to strike Plaintiffs' Complaint. Dkt. Nos. 8, 10, 12, 18, 19, 20.

**DISCUSSION**

**I. Motion to Remand**

A defendant may remove a case from state court to federal court if the federal court had jurisdiction to hear the case originally. See 28 U.S.C. § 1331 ("[A] district court has subject matter jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States."); see also 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). Given that removal jurisdiction raises significant federalism concerns, "federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." City of Vestavia Hills v. Gen. Fidelity Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012) (quoting Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999)). The removing party "bear[s] the burden of demonstrating federal jurisdiction." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 n.4 (11th Cir. 1998).

To determine whether a claim arises under federal law, courts apply the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Smith v. GTE Corp., 236 F.3d 1292, 1310 (11th Cir. 2001) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). Federal question jurisdiction will be found where a "well-pleaded complaint standing alone establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1472 (11th Cir. 1997) (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 27-28 (1983)).

Defendants maintain that the face of Plaintiffs' well-pleaded complaint clearly presents federal questions because the Complaint raises claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the federal RICO Act, 18 U.S.C. § 1961. Dkt. No. 18, pp. 1–2; Dkt. No. 19, pp. 1–2; Dkt. No. 20, p. 1. Plaintiffs, however, argue that the Rooker-Feldman doctrine bars this Court's exercise of jurisdiction over their claims. Dkt. No. 5. According to Plaintiffs, the Glynn County Superior Court's denial of their TRO was a final state court

AO 72A
(Rev. 8/82)

7

decision and, therefore, this Court may not exercise jurisdiction over their case. Id.

"Generally speaking, the Rooker-Feldman doctrine recognizes that federal district courts do not have jurisdiction to act as appellate courts and precludes them from reviewing final state court decisions." Green v. Jefferson Cty. Comm'n, 563 F.3d 1243, 1249 (11th Cir. 2009). The Rooker-Feldman doctrine applies only to cases that are "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see also Nicholson v. Shafe, 558 F.3d 1266, 1272-74, 1278-79 (11th Cir. 2009). "The doctrine bars the losing party in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1330 (11th Cir. 2010) (quotation marks omitted).

Plaintiffs contend that "the Rooker-Feldman doctrine bars federal court review of [a] state-court order[] authorizing a sheriff's sale" pursuant to a denial of a TRO protesting that sale. Dkt. No. 16, p. 2. Plaintiffs' argument is without merit. Under Georgia law, a judgment is "a decree and any order from

which an appeal lies." O.C.G.A. § 9-11-54(a). An appeal does not lie from an order on a motion for a TRO. See O.C.G.A. § 5-6-34. ("Appeals may be taken . . . [from] all judgments or orders granting or refusing to grant mandamus or any other extraordinary remedy, except with respect to temporary restraining orders[.]") Therefore, the Rooker-Feldman doctrine does not prevent this Court's exercise of jurisdiction over Plaintiffs' claims.

Accordingly, after applying the well-pleaded complaint rule, the Court finds that Plaintiffs' Complaint asserts a federal question such that federal question jurisdiction is proper under 28 U.S.C. § 1331. Plaintiffs clearly cite to federal statutes as bases for their causes of action. Dkt. No. 1-1, p. 5.[2] Therefore, this case was properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

---

[2] Though Plaintiffs assert a greater number of state law claims than federal law claims in their Complaint, remand on that basis would be inappropriate due to the frivolity of those state law claims. For example, Plaintiffs set forth the state law claim of "Elder Abuse," under O.C.G.A. § 30-5-8. Dkt. No. 1-1, p. 4. This statute, which prescribes criminal liability for the failure to report the abuse of elderly persons, is wholly unrelated to the subject matter of Plaintiffs' Complaint. Regardless of the number of state law claims asserted in the Complaint, the gravamen of Plaintiffs' Complaint is tied directly to federal law. Therefore, this Court's exercise of jurisdiction is proper.

## II. Motions to Strike, or Alternatively, to Dismiss

A district court is authorized, on motion, to dismiss an action for failure to obey a court order. Fed. R. Civ. P. 41(b). The court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of legal actions. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). "Federal courts have the inherent power to dismiss an action for misconduct that abuses the judicial process and threatens the integrity of that process—including misconduct unrelated to the merits of the case." Vargas v. Peltz, 901 F. Supp. 1572, 1582 (S.D. Fla. 1995). In invoking its inherent power to punish conduct which abuses the judicial process, a court must exercise discretion in fashioning an appropriate sanction, which may range from dismissal of a lawsuit to an assessment of attorney's fees. Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991). Dismissal is generally proper where less drastic sanctions would be ineffective. Aztec Steel Co. v. Fla. Steel Corp., 691 F.2d 480, 481-82 (11th Cir. 1982). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)).

As discussed above, both the Bankruptcy Court and the Eleventh Circuit ordered Plaintiffs to obtain leave from this Court before filing "any pleadings, motions, or other papers seeking any form of relief against [Countrywide Home Loan Servicing LP, or BAC Home Loans Servicing LP,] and/or any of its predecessor or successor entities in any action in any other court, state or federal, in the United States[.]" Smith v. Countrywide Home Loans, Inc., No. 13-13808-DD (11th Cir. Dec. 19, 2013). While Plaintiffs ostensibly avoided violating the letter of this Order by filing a complaint against HSBC Bank, USA, Wells Fargo Bank, and the law firms and attorneys involved in the foreclosure sale of their property, as opposed to Country Wide Home Loan Servicing, LP, or BAC Home Loans Servicing, LP, or their predecessor or successor entities, their efforts at circumvention will not be rewarded.

A review of Plaintiffs' claims reveals that they are baseless, as they assert the same theories and employ the same tactics that courts have repeatedly admonished them to cease in prior actions. Plaintiffs' continued efforts to stall and/or reverse the foreclosure of their property have once again resulted in vexatious and abusive litigation. Because Plaintiffs refuse to quell their incessant abuse of judicial time and resources, despite sanctions and warnings by this Court, the Bankruptcy Court, and the Eleventh Circuit, dismissal

of their Complaint with prejudice is appropriate. See Fed. R. Civ. P. 41(b); Connolly v. Papachristid Shipping Ltd., 504 F.2d 917, 920 (5th Cir. 1974) ("[A] court has the inherent power to manage its calendar and to guarantee that errant lawyers and parties recognize that it has the power to impose reasonable and appropriate sanctions to ensure that its orders are complied with."). Plaintiffs are further admonished that the pre-suit permission requirement placed on Plaintiffs by the Bankruptcy Court includes HSBC Bank USA, National Association; Wells Fargo Bank; S. Andrew Shuping, Jr. and the law firm of Shuping, Morse, and Ross, LLP; Bret Chaness, Peter Lublin, and the law firm or Rubin Lublin, LLC; and any other individual and/or entity involved in or related to the foreclosure and/or sale of Plaintiffs' former property located at 311 10th Street, Saint Simons Island, Georgia.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motions to Strike Plaintiffs' Complaint, dkt. Nos. 8 and 12, and **GRANTS** Defendants' Motion to Dismiss, dkt. no. 10. The Court **DENIES** Plaintiffs' Motion to Remand, dkt. no. 5, and **DISMISSES** Plaintiffs' Complaint with prejudice, dkt. no. 1-1. Plaintiffs' pending Motion to Stay Defendants' Motion to Dismiss Plaintiffs' Complaint, dkt. no. 15, is **DISMISSED as moot**. The Clerk of Court

AO 72A
(Rev. 8/82)

12

is authorized and directed to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 1st day of March, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA