FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2017 APR -3 AM 11: 05
CLERK C. Robinson
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

**MARVIN B. SMITH, III AND**
**SHARON H. SMITH,**
**PLAINTIFFS,**

**VS.**

**HSBC BANK USA, NATIONAL ASSOCIATION;**
**WELLS FARGO BANK, NATIONAL ASSOCIATION;**
**S. ANDREW SHUPING, JR.;**
**SHUPING, MORSE & ROSS LLP;**
**RUBIN LUBLIN LLC and its AGENTS:**
**BRETT CHANESS, Agent of Rubin Lublin LLC,**
**PETER LUBLIN, Agent of Rubin Lublin LLC,**
**DEFENDANTS.**

**CV215-70**

**PLAINTIFFS' MOTION TO STAY RULING ON DEFENDANTS' MOTIONS TO DISMISS PENDING DISPOSITION OF PLAINTIFFS' MOTION TO REMAND UNDER THE YOUNGER ABSTENTION DOCTRINE**

**AND**

**MOTION TO ALLOW REPAIR OF THE AMENDED COMPLAINT BEFORE DISMISSAL IF THIS COURT DETERMINES THAT IT HAS JURISDICTION**

**COME NOW,** Marvin B. Smith, III and Sharon H. Smith, "Smiths", Plaintiffs *pro se*, and move this Court to stay ruling on Defendants' motions to dismiss pending disposition of the Smiths' Motion to Remand Under the Younger Abstention Doctrine filed in this Court on March 22, 2017, because the jurisdiction of this Court is at issue. The Smiths' also move the Court to allow the Smiths to repair any deficiencies before dismissal of the Amended Complaint, should this Court find that it does have jurisdiction over the present wrongful foreclosure complaint which was removed from the Glynn County Superior Court, Case No. CE15-00566-063.

The Smiths submit the following in support of their motions. Motion to Remand Under the Younger Abstention Doctrine is incorporated herein by reference.

**JURISDICTIONAL STATEMENT**

Federal court jurisdiction is at issue in the present wrongful-foreclosure case which was removed from the Superior Court under 28 U.S.C. Section 1441; Defendants bare the burden of establishing federal-court jurisdiction and that the removal was proper.

The Court's subject-matter jurisdiction predominates over other issues. See *Powell v. Powell*, 80 F.3d 464, 466-67 (11th Cir. 1996); *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). "[A] court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues." *Taylor v. Appleton*, 30 F.3d 1365, 1366 (11th Cir.1994). If jurisdiction is found to be lacking, the Court cannot proceed at all; its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); see also *University of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410

(11th Cir.1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir.2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.").

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 122 S.Ct. 459 (2001). Federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* In the context of actions removed from state court, the removing party bears the burden of demonstrating the federal court's jurisdiction and that removal was proper. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir.2007). **28 U.S.C. Section 1441 is to be strictly construed against removal**. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir.2004); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

**SHOULD THE COURT DETERMINE THAT IT HAS JURISDICTION THE AMENDED COMPLAINT SHOULD NOT BE DISMISSED WITHOUT GIVING THE SMITHS INSTRUCTION ON HOW THE AMENDED COMPLAINT IS DEFIECIENT AND HOW TO REPAIR THE DEFECIENCY**

*Foman v. Davis*, 371 U.S. 178, 182 1962:

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome, and **accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."** [Emphasis added.]
>
> 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. *See generally*, 3 Moore, Federal Practice (2d ed. 1948), ?? 15.08, 15.10. **If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of**

> **relief, he ought to be afforded an opportunity to test his claim on the merits.** [Emphasis added.]……

Pro se litigants are afforded certain rights under authority of the supremacy and equal protection clauses of the United States Constitution and the common law authorities of *Haines v Kerner*, 404 U.S. 519(1972), )*Platsky v. C.I.A.* 953 F.2d. 26 (2d Cir. 1991, and *Anastasoff v. United States*, 223 F.3d 898 (8th Cir. 2000) relying on *Willy v. Coastal Corp.*, 503 U.S. 131, 135 (1992), "*United States v. International Business Machines Corp.*, 517 U.S. 843, 856 (1996), quoting *Payne v. Tennessee*, 501 U.S. 808, 842 (1991) (Souter, J., concurring). *Trinsey v. Pagliaro*, D.C. Pa. 1964, 229 F. Supp. 647, *American Red Cross v. Community Blood Center of the Ozarks*, 257 F.3d 859 (8th Cir. 07/25/2001).

> In re *Haines*: pro se litigants (Defendant is a pro se litigant) are held to less stringent pleading standards than BAR registered attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims.
>
> In re *Platsky*: court erred when court dismissed the pro se litigant without instruction of how pleadings are deficient and how to repair pleadings.
>
> In re *Anastasoff*: litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. **All litigants have a constitutional right to have their claims adjudicated according the rule of precedent.** See *Anastasoff v. United States*, 223 F.3d 898 (8th Cir. 2000).

The Smiths have stated claims upon which relief can be granted. Even if the pleading is deficient in some way, the Smiths should be given the opportunity to correct the pleading. The pleading should be construed to include any exhibits attached to and incorporated into the complaint. See *Gold Creek SL v. City of Dawsonville*, 290 Ga.App. 807, 809 (660S.E.2d 858) (2008).

All parties to the Amended Complaint filed the Notice of Removal. If it is determined that the federal court has jurisdiction over the case, all parties are properly joined under derivative removal jurisdiction. *See* 28 U.S. Code § 1441:

> 28 U.S. Code § 1441 - Removal of civil actions:
> (f) Derivative Removal Jurisdiction.— The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.

**WHEREFORE**, Plaintiffs pray unto this Honorable Court:

1. To stay ruling on Defendants' motions to dismiss the Amended Complaint, pending ruling on Plaintiffs' Motion to Remand Under the Younger Abstention Doctrine; and

2. If the Court finds that it does have jurisdiction, before dismissal of the Amended Complaint, to give Plaintiffs an opportunity to repair any deficiencies after instruction on how the pleading is deficient and how to repair the deficiency.

Respectfully submitted this 3rd day of April, 2017.

Marvin B. Smith, III

Sharon H. Smith

P.O. Box 22063
St. Simons Island, Georgia 31522
(912) 268-8117
smbsmith@comcast.net

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| **MARVIN B. SMITH, III AND SHARON H. SMITH,** PLAINTIFFS, VS. **HSBC BANK USA, NATIONAL ASSOCIATION; WELLS FARGO BANK, NATIONAL ASSOCIATION; S. ANDREW SHUPING, JR.; SHUPING, MORSE & ROSS LLP; RUBIN LUBLIN LLC and its AGENTS: BRETT CHANESS, Agent of Rubin Lublin LLC, PETER LUBLIN, Agent of Rubin Lublin LLC,** DEFENDANTS. | **CV215-70** |

**CERTIFICATE OF SERVICE**

We hereby certify that we have this day served the following parties with the

**PLAINTIFFS' MOTION TO STAY RULING ON DEFENDANTS' MOTIONS TO DISMISS PENDING DISPOSITION OF PLAINTIFFS' MOTION TO REMAND UNDER THE YOUNGER ABSTENTION DOCTRINE**

**AND**

**MOTION TO ALLOW REPAIR OF THE AMENDED COMPLAINT BEFORE DISMISSAL IF THIS COURT DETERMINES THAT IT HAS JURISDICTION**

Brett Chaness
3740 Davinci Court, Suite 150
Peachtree Corners, Georgia 30092
*Pro se and attorney for Rubin Lublin, LLC and Peter Lublin*

Christopher S. Anulewicz
Geremy Gregory
Brooke W. Gram
Balch & Bingham LLP
30 Ivan Allen Jr. Blvd. NW, Suite 700
Atlanta, GA 30308
*Attorneys for HSBC Bank USA, National Association and Wells Fargo Bank, National Association*

Brett C. Giordano
John Bunyan
Johannes S. Kingma
Carlock, Copeland & Stair LLP
191 Peachtree Street NE, Suite 3600
Atlanta, GA 30303
*Attorney for S. Andrew Shuping, Jr. and Shuping, Morse & Ross LLP*

By placing the same in the United States Mail with sufficient postage affixed thereon to assure delivery.

Respectfully submitted this 3rd day of April, 2017.

P.O. Box 22063
St. Simons Island, Georgia 31522
(912) 268-8117
smbsmith@comcast.net

Marvin B. Smith, III

Sharon H. Smith

*Plaintiffs Pro Se*