# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

MARVIN B. SMITH, III & SHARON H. SMITH,

    Plaintiffs,

v.

HSBC BANK USA, N.A.; WELLS FARGO BANK, N.A.; S. ANDREW SHUPING, JR.; SHUPING, MORSE & ROSS LLP; RUBIN LUBLIN, LCC; BRET CHANESS; and PETER LUBLIN;

    Defendants.

No. 2:15-CV-70

## ORDER

The Smiths filed a motion to stay dispossession, dkt. no. 69, on August 9, 2017. It will be denied. The Smiths claim that the automatic stay blocks HSBC Bank USA's dispossessory action. Dkt. No. 69 at 4; see also Dkt. No. 69-2 at 7 ("Neither . . . HSBC Bank USA, nor HSBC Bank USA, N.A. is the party which was granted relief of stay . . . ."). This is incorrect. The Consent Order modifying the stay was entered into by Countrywide Home Loans, Inc.—"as Servicing Agent for HSBC Bank USA." Dkt. No. 174 at 1, In re Smith (Bankr. S.D. Ga. Nov. 12, 2008) (emphasis added). An "authorized agent[ ]

has standing to bring a stay relief motion" for "the real party in interest," and that is what happened here. In re Clark, No. 6:10-BK-09430, 2010 WL 4669091, at *2 (Bankr. M.D. Fla. Nov. 10, 2010); see also In re Hayward, 281 B.R. 362, 363 (Bankr. S.D. Ala. 2001); In re S. Oakes Furniture, Inc., 167 B.R. 307, 308 (Bankr. M.D. Ga. 1994); In re Blackerby, 53 B.R. 649, 650 (Bankr. N.D. Ala. 1985). Therefore, HSBC Bank USA was relieved when Countrywide Home Loans, Inc. was. Thus, the Smiths' Emergency Verified Motion to Stay Writ of Possession and to Enforce the Automatic Stay, dkt. no. 69, is **DENIED**.[1]

**SO ORDERED**, this 9th day of August, 2017.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] To the extent the Smiths' motion can be construed as seeking a preliminary injunction, it is still due to be denied. See Dkt. No. 69 at 4 ("**Although the present request for emergency stay of the writ of possession is actually a request for enforcement of an existing stay,** the elements necessary for an injunction also exist."). The Smiths argue that their mortgage was wrongly assigned to HSBC Bank USA. Dkt. No. 69 at 5. That theory is the crux of this entire case. This case is replete with unresolved threshold matters. That said, the Smiths have not yet met their burden of demonstrating a substantial likelihood of success on the merits. See, e.g., Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) ("A preliminary injunction is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion' . . . ." (citation omitted)).

AO 72A
(Rev. 8/82)