# In the United States District Court for the Southern District of Georgia Brunswick Division

MARVIN B. SMITH, III & SHARON H. SMITH,

Plaintiffs,

v.

HSBC BANK USA, N.A.; WELLS FARGO BANK, N.A.; S. ANDREW SHUPING, JR.; SHUPING, MORSE & ROSS LLP; RUBIN LUBLIN, LCC; BRET CHANESS; and PETER LUBLIN;

Defendants.

No. 2:15-CV-70

## ORDER

*Younger* abstention is not necessary in this *pro se* foreclosure case, the complaint fails to state any federal claim, and this Court will decline to exercise supplemental jurisdiction over the state claims.

## BACKGROUND

This case was removed under federal-question jurisdiction on June 9, 2015. Dkt. No. 1 at 2. This Court dismissed *pro se* Plaintiffs Marvin and Sharon Smith's claims—including one for wrongful foreclosure—on March 1, 2016. See generally Dkt.

No. 37. The Eleventh Circuit remanded on February 14, 2017. Dkt. Nos. 42-43.

The Smiths moved for *Younger* abstention on March 22, 2017. Dkt. No. 48. The Court denied that request as moot on July 7, 2017. Dkt. No. 61. The Smiths moved for reconsideration on July 11, 2017. Dkt. No. 62. That motion has been fully briefed and is now ripe. Dkt. Nos. 63-65, 67, 71, 75-79. Also before the Court are Defendants Bret Chaness, Peter Lublin, and Rubin Lublin, LLC's (together, "Rubin Lublin") June 6, 2015 motion to strike the complaint, dkt. no. 8 (briefed at dkt. nos. 9, 17, 22-25); the March 28, 2017 dismissal motion of S. Andrew Shuping, Jr. and Shuping, Morse & Ross LLP (together, "Shuping"), dkt. no. 48 (briefed at dkt. nos. 51, 56, 80); the March 29, 2017 one brought by HSBC Bank USA, N.A. and Wells Fargo Bank, N.A. (together, "the Banks"), dkt. no. 49 (briefed at dkt. nos. 56, 80); and the Smiths' August 21, 2017 motion to amend the parties, dkt. no. 81.

## LEGAL STANDARDS

"*[P]ro se* pleadings are . . . construed liberally." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). But a court cannot "serve as *de facto* counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action." Powers v. Avondale Baptist Church, 393 F. App'x 656, 657 (11th Cir. 2010) (per curiam) (citation omitted).

A district court's *Younger*-abstention decision is reviewed for abuse of discretion, but the court cannot abstain "if there have been proceedings of substance and the federal litigation thus has moved beyond the embryonic stage before the state action commences." For Your Eyes Alone, Inc. v. City of Columbus, 281 F.3d 1209, 1217 (11th Cir. 2002).

A suit can be dismissed if the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Its "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). It must "contain inferential allegations from which [the court] can identify each of the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001). Although a court must assume the truthfulness of the complaint's factual allegations, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

"The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the

district court." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004) (per curiam). "A district court may decline to exercise supplemental jurisdiction if it 'has dismissed all claims over which it has original jurisdiction'"—in fact, it is encouraged to do so. Marshall v. Washington, 487 F. App'x 523, 527 (11th Cir. 2012) (per curiam) (quoting 28 U.S.C. § 1367(c)(3)).

**DISCUSSION**

*Younger* abstention does not apply. The Smiths' federal claims fail. The Court declines supplemental jurisdiction over their state ones. This case will be dismissed.

**I. *YOUNGER* ABSTENTION WOULD NOT BE APPROPRIATE.**

Abstention under *Younger* is not in order. Federal courts are under a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). But "there are some classes of cases in which the withholding of authorized equitable relief because of undue interference with state proceedings is 'the normal thing to do.'" New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 359 (1989) (citation omitted).

One such class was recognized by Younger v. Harris, 401 U.S. 37 (1971). *Younger* abstention is only proper if three questions can be answered "yes": (1) is there "an ongoing

state judicial proceeding" with which "the federal proceeding would interfere"; (2) if there is, does it "implicate important state interests"; and (3) "is there an adequate opportunity in the state proceedings to raise" the issues presented in the federal case. Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); 31 Foster Children v. Bush, 329 F.3d 1255, 1276 (11th Cir. 2003).

The first element is unmet here. To be sure, there is a state ejectment proceeding. Dkt. No. 47 at 7. Although the Georgia Supreme Court denied certiorari, dkt. no. 61 at 1, and the Superior Court denied the Smiths' motion to vacate, dkt. no. 77-2 ¶ 4, the Smiths may appeal that denial. Dkt. No. 62 at 4. The Court will assume that this is enough to keep the parallel proceeding alive under Younger.

Abstention is still improper because this Court would not interfere with the state one. The Smiths make two arguments to the contrary. They say a favorable ruling on their wrongful-foreclosure claim here could be raised as a defense there, and they point to their July 19, 2016 state counterclaim for wrongful foreclosure. Dkt. No. 67-1. Both theories fail, albeit for different reasons.

**A. A Federal Win Would Not Be a State Defense.**

A federal ruling that the Smiths suffered wrongful foreclosure could not serve as a state ejectment defense.

"[C]hallenges to a foreclosure sale cannot be asserted as a defense in a . . . dispossessory proceeding." Vines v. LaSalle Bank N.A., 691 S.E.2d 242, 243 (Ga. Ct. App. 2010); Hurt v. Norwest Mortg., Inc., 580 S.E.2d 580, 586 (Ga. Ct. App. 2003) ("A challenge to the validity of foreclosure in defense of a dispossessory proceeding will not lie . . . ."). Neither can supposed defects in a landlord's title. Hague v. Kennedy, 423 S.E.2d 283, 286 (Ga. Ct. App. 1992); contrast Egana v. HSBC Mortg. Corp., 669 S.E.2d 159, 160-61 (Ga. Ct. App. 2008) (featuring plaintiff who denied ever signing any security deed). Indeed, "after foreclosure sale, the former owner cannot attack dispossession without first setting aside the foreclosure and deed." Solomon v. Norwest Mortg. Corp., 538 S.E.2d 783, 784 (Ga. Ct. App. 2000) (citation omitted).

A debtor might have "standing to challenge a foreclosure based on an unrecorded or facially invalid assignment." Ames v. JP Morgan Chase Bank, N.A., 783 S.E.2d 614, 622 n.7 (Ga. 2016). But that would only give a party one more anti-foreclosure sword—not one more anti-ejectment shield.

It is true that "[a] judgment in a prior suit adjudicating the legal or equitable title to . . . land will estop a later . . . dispossessory proceeding[.]" Premium Funding Solutions, LLC v. Metro Atlanta Task Force for Homeless, Inc., 776 S.E.2d 504, 507 (Ga. Ct. App. 2015)

(citation omitted) (last two alterations in original) (emphasis added). But here, there will not be a *prior* wrongful-foreclosure judgment: The Smiths were already ejected. Dkt. No. 77-1 ¶ 8. Any judgment here would not interfere with the state ejectment proceeding.

**B. The State Counterclaim Is No Reason to Abstain.**

Nor would these proceedings interfere with the state counterclaim, even though that claim is basically identical to one of the claims here. This Court "clearly has priority in time over the Superior Court with respect to" wrongful foreclosure. Hoai v. Sun Refining & Mktg. Co., 866 F.2d 1515, 1519 (D.C. Cir. 1989). While "[t]he state action . . . need not predate the federal action for *Younger* abstention to apply," "if there have been proceedings of substance" before the state claim is raised, then "federal courts do not have the discretion to abstain from exercising jurisdiction." For Your Eyes Alone, Inc. v. City of Columbus, 281 F.3d 1209, 1217 (11th Cir. 2002) (citing Haw. Hous. Auth. v. Midkiff, 467 U.S. 229, 238 (1984); Doran v. Salem Inn, Inc., 422 U.S. 922, 929 (1975)); see also Merck Sharp & Dohme Corp. v. Conway, 909 F. Supp. 2d 781, 789 (E.D. Ky. 2012) ("[Abstention] should not . . . encourage gamesmanship . . . .").

As of July 19, 2016, when the Smiths raised their state counterclaim, this case had 41 docket entries spanning

thirteen months. Dkt. No. 1; Dkt. No. 67-1 at 4. This Court had already dismissed the Smiths' case as frivolous and the Smiths had appealed. Dkt. Nos. 37, 39. Thus, this case had "moved beyond matters of mere procedure to matters that are key to the eventual outcome." Tokyo Gwinnett, LLC v. Gwinnett County, No. 1:15-CV-2606, 2017 WL 1134448, at *5 (N.D. Ga. Mar. 27, 2017), appeal filed, No. 17-11871 (11th Cir. Apr. 24, 2017). This Court must proceed to the merits.

## II. THE SMITHS' FEDERAL CLAIMS MUST BE DISMISSED.

The Smiths' four federal claims must be dismissed for failure to state a claim.[1]

### A. The Fraud-upon-the-Court Claim Must Be Dismissed.

The Smiths complain of fraud upon the Bankruptcy Court and the Eleventh Circuit. Dkt. No. 1-1 at 70, 72. This claim fails due to res judicata, which "bars the filing of claims which were raised or could have been raised in an earlier proceeding." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). Four elements have to be met: (1) "a final judgment on the merits" (2) made by a proper court; (3) either the same parties or "those in privity with them"; and (4) "the same cause of action." Id.

The fraud claim here turns on allegations that the Smiths' loan servicer was misidentified and their loan was

---

[1] The Court need not decide whether certain defendants were properly added. See Dkt. No. 9 at 10; Dkt. No. 10-1 at 5; Dkt. No. 12 at 10.

never owned by HSBC Bank USA, N.A. Id. at 69-70. The supposed misrepresentations were made on February 7 and April 11, 2011.[2] Id. at 70. The Bankruptcy Court rejected these arguments half a decade ago. See In re Smith, No. 07-20244, 2012 WL 4758038, at *4-5 (Bankr. S.D. Ga. Sept. 17, 2012). This Court affirmed, 2013 WL 3874772 (S.D. Ga. July 25, 2013), and the Smiths' appeal was dismissed, No. 13-13808 (11th Cir. Dec. 19, 2013). That was a final judgment on the merits, by proper courts, as to the same cause of action raised here.

The Smiths argue that the parties have changed. Dkt. No. 17 at 9. Their own complaint belies this. Although Rubin Lublin was not a party at the time of the Bankruptcy Court's order, privity is obvious—it filed the papers at issue. Dkt. No. 1-1 at 69. Privity is also indisputable as to HSBC Bank USA, N.A.—its servicing agent was the filing party. Id.

The Smiths then say that the loan assignment and certain SEC documents were not in the record when the Bankruptcy Court ruled. Dkt. No. 17 at 9. But the Smiths do not explain why this was so. Because *res judicata* applies to claims (or evidence in support of them) that <u>could</u> have been brought before, this argument fails. This claim must be dismissed.

---

[2] The complaint also mentions an alleged April 24, 2014 misrepresentation, but it was made by a non-party. Id. at 71.

## B. The FDCPA Claim Must Be Dismissed.

The Smiths' FDCPA claim will also be dismissed. As for the Banks, the Smiths do not actually allege a violation. See Dkt. No. 1-1 at 96-97. And neither Rubin Lublin nor Shuping is a "debt collector" under FDCPA. A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

The complaint here alleges only that Rubin Lublin and Shuping called themselves "debt collector[s]." Dkt. No. 1-1 at 96. Rubin Lublin, LLC said: "<u>Should the FDCPA apply, please be advised that this firm is acting as a debt collector attempting to collect a debt and any information obtained will be used for that purpose.</u>" Id. at 286. It specifically warned that it was not admitting that FDCPA applies. Id. Similarly, Shuping only said that it "[WA]S ATTEMPTING TO COLLECT A DEBT" and "ANY INFORMATION OBTAINED [WOULD] BE USED FOR THAT PURPOSE." Id. at 228, 234, 237, 244.

This does not trigger FDCPA. "The question . . . is not simply what the firm called itself but rather whether the firm acted as a debt collector as that term is defined by the statute." Saint Vil v. Perimeter Mortg. Funding Corp., 630 F.

App'x 928, 931 (11th Cir. 2015) (per curiam). The complaint here does not allege "whether [Defendants'] principal purpose of business was collecting debts or enforcing security interests or whether [they] routinely collected debts." Id. It therefore fails to allege that Rubin Lublin or Shuping is a debt collector. This claim will be dismissed.

### C. The Constitutional Claim Must Be Dismissed.

The Smiths claim HSBC Bank USA, N.A. violated their Fifth and Fourteenth Amendment rights to a judicial foreclosure hearing. Dkt. No. 1-1 at 106. But "a foreclosure sale by a private mortgagee does not" raise constitutional concerns because it does not "involve state action." Crooked Creek Prop., Inc. v. Hutchinson, 432 F. App'x 948, 949 (11th Cir. 2011) (per curiam); see also Roberts v. Cameron-Brown Co., 556 F.2d 356, 358 (5th Cir. 1977)[3] ("The government must be involved with the activity that causes the actual injury . . . ."). This claim must be dismissed.

### D. The Federal RICO Claim Must Be Dismissed.

Lastly, the Smiths' federal RICO allegations must be dismissed. A RICO plaintiff has to allege that defendants "participated in an illegal enterprise 'through a pattern of racketeering activity.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting 18 U.S.C. §

---

[3] Binding precedent, under Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

1962(c)). Racketeering activity includes mail and wire fraud, upon which the Smiths rely. 18 U.S.C. § 1961(1); Dkt. No. 1-1 at 95. Plaintiffs who rely on fraud claims—like the Smiths—must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Ambrosia Coal & Constr. Co. v. Pages Morales, 482 F.3d 1309, 1316 (11th Cir. 2007). That means alleging: "(1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." Id. at 1316-17.

The Smiths do not clear this hurdle. They first characterize as mail fraud "[t]he mailing of . . . wrongful foreclosure documents and notices" by S. Andrew Shuping, Jr. on January 26, 2011. Id. at 92-93. But they do not allege how the documents misled them. This is also true as to Rubin Lublin, LLC's June 17, 2014 mailing. Id. at 95.

The Smiths continue that "any fraudulent misrepresentations to the Smiths (and there is abundant evidence of misrepresentations as set forth more specifically above) . . . were and are . . . mail and wire fraud." Id. at 93. This falls far short of the required specificity.

Finally, the Smiths complain of "[t]he mailing of motions and other court filings containing . . . fraudulent

12

misrepresentations." Id. at 94. But "courts have consistently refused to recognize as wire or mail fraud even litigation activities that rise to the level of malicious prosecution simply because the mail or wires were used." FindTheBest.com, Inc. v. Lumen View Tech. LLC, 20 F. Supp. 3d 451, 460 (S.D.N.Y. 2014); see also I.S. Joseph Co. v. J. Lauritzen A/S, 751 F.2d 265, 267-68 (8th Cir. 1984) (per R. Arnold, J.) ("[T]he law of torts may provide a remedy. Resort to a federal criminal statute is unnecessary."); Auburn Med. Ctr, Inc. v. Andrus, 9 F. Supp. 2d 1291, 1299 (M.D. Ala. 1998) (same). There is good reason to follow that norm here. See Curtis & Assoc., P.C. v. Law Offices of David M. Bushman, Esq., 758 F. Supp. 2d 153, 173 (E.D.N.Y. 2010), aff'd, 443 F. App'x 582 (2d Cir. 2011) ("Plaintiffs' interpretation of RICO . . . would result in the inundation of federal courts with civil RICO actions that could potentially subsume all other state and federal litigation in an endless cycle where any . . . litigant immediately sues opponents for RICO violations. . . . [L]itigants might hesitate to avail themselves of the courts and available legal remedies or be unable to find representation to help vindicate their rights. Moreover, allowing [such cases] . . . would inappropriately bypass the state tribunal . . . ." (internal citation omitted)). This final federal claim must be dismissed.

AO 72A
(Rev. 8/82)

## III. THE COURT DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION.

This Court now lacks federal-question jurisdiction. Especially as some of the Smiths' state claims <u>may</u> pose open legal questions, this Court declines to exercise supplemental jurisdiction over them. See <u>Baggett v. First Nat'l Bank of Gainesville</u>, 117 F.3d 1342, 1353 (11th Cir. 1997).

### CONCLUSION

For these reasons, the Smiths' motion for reconsideration as to *Younger* abstention, dkt. no. 62, is **DENIED**. Defendants' motions to dismiss, dkt. nos. 8, 48, and 49, are **GRANTED** as to the Smiths' federal claims. This Court **DECLINES** to exercise supplemental jurisdiction over the Smiths' state claims. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of **DISMISSAL** and close this case. All other outstanding motions are **DENIED as moot**.[4]

**SO ORDERED**, this 1st day of September, 2017.

*/s/ Lisa Godbey Wood*
LISA GODBEY WOOD, DISTRICT JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4] The Smiths only seek to add *state* claims against new parties. Dkt. No. 79 at 2.