IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| MARVIN B. SMITH, III AND | ) | CV215-70 |
| SHARON H. SMITH, | ) | |
| PLAINTIFFS, | ) | |
| VS. | ) | |
| HSBC BANK USA, NATIONAL ASSOCIATION; | ) | |
| WELLS FARGO BANK, NATIONAL ASSOCIATION; | ) | |
| S. ANDREW SHUPING, JR.; | ) | |
| SHUPING, MORSE & ROSS LLP; | ) | |
| RUBIN LUBLIN LLC and its AGENTS: | ) | |
| BRETT CHANESS, Agent of Rubin Lublin LLC, | ) | |
| PETER LUBLIN, Agent of Rubin Lublin LLC, | ) | |
| DEFENDANTS. | ) | |

FILED U.S. DISTRICT COURT BRUNSWICK DIV.
2017 SEP -1 PM 12: 44
CLERK
SO. DIST. OF GA.

**MOTION FOR RECONSIDERATION OF ORDER ON PETITIONERS'
EMERGENCY VERIFIED MOTION TO STAY WRIT OF POSSESSION
AND TO ENFORCE THE AUTOMATIC STAY**

AND

**ADDITIONAL SUPPLEMENT IN SUPPORT OF PLAINTIFFS' REPLY IN
OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

AND

**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO AMEND PARTIES**

**COME NOW** Marvin B. Smith, III and Sharon H. Smith, "Smiths", Plaintiffs *Pro Se*, and submit the following in support of their Reply in Opposition to Motion to Dismiss, Dkt.#56; and in support of their Motion to Amend Parties, Dkt. #81. The Smiths also move this Honorable Court to reconsider its August 9, 2017 Order, Dkt. #70, denying the Smiths' Emergency Verified Motion to Stay Writ of Possession and to Enforce the Automatic Stay. Attached and incorporated herein, as Exhibit A, is Application for Stay filed in the United States Supreme Court with regard to the state court Order and Writ of Possession granted to HSBC Bank USA, N.A. which is offered in support of the Smiths' Motion for Reconsideration and in support of the referenced pleadings.

In the August 9, 2017 Order, Dkt. #70, the Court stated: "The Consent Order modifying the stay was entered into by Countrywide Home Loans, Inc.-'as <u>Servicing Agent for HSBC Bank USA.</u>' ... An authorized agent [ ] has standing to bring a stay relief motion" for the 'the real party in interest,' and that is what happened here. [citations omitted]. Therefore, HSBC Bank USA was relieved when Countrywide Home Loans, Inc. was." However, as set forth in the Application for Stay with support from documents already in the record in this case and/or in the bankruptcy case 07-20244:

> The Automatic Stay was in place at the time of foreclosure by HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2 and at the time of the dispossessory action by HSBC Bank USA and HSBC Bank USA, N.A. Only a real party in interest can be granted relief of stay as set forth below. Countrywide Home Loans, Inc.as Servicing Agent for HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2 was granted relief of stay through a conditional Consent Order in 2009.[1]

---

[1] The Smiths objected prior to relief of stay that Countrywide Home Loans, Inc. was not a real party in interest. The courts dismissed the cases as frivolous and applied a filing injunction with regard to Countrywide Home Loans, Inc. and the substituted parties. *See* below **General Background with Regard to Previous Cases**. However, the courts have now ruled that the injunction does not apply to HSBC Bank USA, N.A. and the Bankruptcy Court has been ordered to rule on the Contested Matter regarding violation of the stay. **App. B at a-4.**

      1. The Smiths mortgage is not now, nor has it ever been, in the **BCAP LLC Trust 2006-AA2**, as evidenced by certified SEC documents, **App. R at a-66 through a-67.**

      2. Countrywide Home Loans, Inc. was never the servicing agent for the **BCAP LLC Trust 2006-AA2** as evidenced by Certified SEC document, **App. T at a-84.** Therefore, there was no agency relationship.[2] To the contrary, Countrywide Home Loans, Inc. filed a claim as the secured creditor with no supporting documents, Claim #10-1, **App. J at 25.**

      3. Countrywide Home Loans, Inc. requested a substitution of parties with regard to the Consent Order granting relief of stay and was granted that substitution by the Eleventh Circuit Court. The party relieved from the stay became BAC Home Loans Servicing LP, f/k/a Countrywide Home Loans Servicing LP for the Benefit of the **BCAP 2006- AA Trust.** *See* Substitution Order, **App. M at a-39.**

      4. However, HSBC Bank USA, NA as Trustee for **BCAP LLC Trust 2006-AA2,** foreclosed in violation of the stay on May 5, 2015; See Deed Under Power, **App. Q at a-55,** and HSBC Bank USA, who is not a legal entity, filed its dispossessory action on May 6, 2016 in violation of the stay, **App. I at a-22** ; and HSBC Bank USA, N.A. dispossessed the Smiths in violation of the stay on August 10, 2017 and August 14, 2017. *See* Writ of Possession, **App. F at a-15.**

Therefore, HSBC Bank USA was <u>not</u> an authorized agent and was <u>not</u> relieved from the stay when Countrywide Home Loans, Inc. was. Consequently, the denial, Dkt. #70, of the Smiths' Emergency Motion, Dkt. # 69, was based on a mistaken assumption.

As quoted from the Application, Exhibit A:

### CONCLUSION

As established above, neither HSBC Bank USA nor HSBC Bank USA, N.A was a real party in interest to have been granted the Writ of Possession. There is absolutely nothing in the record to substantiate ownership of the subject property by HSBC Bank USA or HSBC Bank USA, N.A, proof which was incumbent upon Respondents. HSBC Bank USA, who is not a legal entity, did not request relief of stay before filing its dispossessory action. The Smiths' mere possessory rights and the Estate's possessory interest are sufficient to have required relief of stay; therefore, all dispossessory action has been taken in violation of the stay. Furthermore, the violation was willful. It was learned during the dispossession that Nationstar Mortgage was the dispossessing agent,

---

[2] The U.S. District Court mistakenly assumed that there was an agency relationship. **App. C .** Countrywide Home Loans, Inc. was not an authorized agent for HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2. **App. T at a-84.** Countrywide Home Loans Servicing LP was a servicer for the trust. And the Smiths' mortgage was never in said trust.

who knew that relief of stay was necessary, as evidenced by the filing and withdrawal of the motion for relief of stay, **App. O at a-44** and **App. P at a-51** ; but who chose <u>not</u> to move the Bankruptcy Court for relief of stay for obvious reasons.  And HSBC Bank USA, N.A. was aware of the Smiths' Bankruptcy Case but argued in the state court that there was no stay in effect and that the Smiths had no interest in the property.[3]  Therefore, this Honorable Court should stay the Writ of Possession granted to HSBC Bank USA, N.A. in violation of the automatic stay and return possession to the Smiths, pending further determination by the Bankruptcy Court in the Contested Matter filed on July 27, 2017 regarding violation of the stay.

And, or in the alternative, should treat this application as a petition for certiorari, grant the petition, and summarily reverse the decision below:  October 19, 2017 Order, **App. G at 17** , and October 20, 2017 Writ of Possession, **App. F at a-15** , Glynn County Superior Court Case No. CE16-00725-063; appealed to the Georgia Court of Appeals , No. A17A0663, who dismissed the appeal for lack of jurisdiction and denied as "moot" the Smiths' Motion to Vacate the Judgments Below as Void; and then the Supreme Court of Georgia denied certiorari on June 30, 2017, Case No. S17C1005.  A judgment rendered during the pendency of an automatic stay is void *ab initio* and is a nullity, because it constitutes the exercise of judicial discretion in violation of the automatic stay. See *Jennings Enterprises v. Carte*, 224 Ga. App. 538, 540 (1) (481 SE2d 541) (1997); see also *Colden v. State of Ga.*, 244 Ga. App. 793, 794 (536 SE2d 820) (2000).

Actions taken in violation of the automatic stay are void and without effect. *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306 (11th Cir. 1982); citing *Kalb v. Feuerstein*, <u>308 U.S. 433</u>, 60 S.Ct. 343, 84 L.Ed. 370 (1940).

After filing this Motion for Reconsideration, the Smiths' will ask the Eleventh Circuit Court of Appeals to stay proceedings in the appeal which was taken from the Order, Dkt. #70.  As previously stated in pleadings in this Court and in the Application for Stay, Exhbit A, the Smiths were unaware, at the time they filed the appeal, Dkt. #72, of the Order filed by this Court on August 9, 2017 in the Bankruptcy Court, Dkt. # 727, ordering the Bankruptcy Court to rule on the Smiths' Motions, Dk. #728, filed in the Bankruptcy Court.

---

[3]  See Memorandum Decision, **App.U , at a-106** :  In re Salov, Case No. 13-37269, June 6, 2014. Nationstar Mortgage was the violator of the stay. The Court stated: "Creditors could have prevented this outcome by doing a very simple thing—filing a motion for relief from the automatic stay prior to proceeding in state court against the Debtor. Instead, Creditors unilaterally concluded that no stay was in effect and the Debtor had no interest in the property. This was an incorrect assumption. Accordingly, Debtor has met the requirements for punitive damages."

Whether or not the United States Supreme Court grants the Application or grants certiorari with regard to the Writ of Possession granted by the Magistrate Court to HSBC Bank USA and then by the Superior Court to HSBC Bank USA, N.A., the actions were taken in violation of the automatic stay. This Honorable Court should reconsider its Order, Dkt. #70, and enforce the automatic stay against HSBC Bank USA, N.A. in order to right the manifest injustice of rendering the Smiths homeless to a party which has no proof of ownership or proof of a party in interest. At this point, all that is necessary is for this Court to enforce the stay with regard to the Smiths' possessory rights and the Estate's possessory interests pending further determination by the Bankruptcy Court regarding violation of the stay with regard to the foreclosure and pending this court's determination on the fraud and wrongful foreclosure by Defendants in the present case. The locks can be changed back to prevent further injustice.

**WHEREFORE**, Plaintiffs pray unto this Honorable Court to

1. Enforce the automatic stay against HSBC Bank USA, N.A. with regard to the Writ of Possession dated October 20, 2017;

2. Return possession of 311 10th Street, Unit B, St. Simons Island, GA to the Smiths; and

3. For any further relief this Court deems appropriate.

Respectfully submitted this 1st day of September, 2017.

P.O. Box 22063
St. Simons Island, Georgia  31522
(912) 268-8117
smbsmith@comcast.net

_Marvin B. Smith, III_

_Sharon H. Smith_

*Plaintiffs Pro Se*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MARVIN B. SMITH, III AND SHARON H. SMITH,<br><br>PLAINTIFFS,<br><br>VS.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION;<br>WELLS FARGO BANK, NATIONAL ASSOCIATION;<br>S. ANDREW SHUPING, JR.;<br>SHUPING, MORSE & ROSS LLP;<br>RUBIN LUBLIN LLC and its AGENTS:<br>BRETT CHANESS, Agent of Rubin Lublin LLC,<br>PETER LUBLIN, Agent of Rubin Lublin LLC,<br>DEFENDANTS. | CV215-70 |

### CERTIFICATE OF SERVICE

We hereby certify that we have this day served the following parties with the

1

MOTION FOR RECONSIDERATION OF ORDER ON PETITIONERS'
EMERGENCY VERIFIED MOTION TO STAY WRIT OF POSSESSION
AND TO ENFORCE THE AUTOMATIC STAY

AND

ADDITIONAL SUPPLEMENT IN SUPPORT OF PLAINTIFFS' REPLY IN
OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

AND

SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO AMEND PARTIES

Brett Chaness
Rubin Lublin, LLC
3740 Davinci Court, Suite 150
Peachtree Corners, Georgia 30092
*Pro se and attorney for Rubin Lublin, LLC and Peter Lublin*


Christopher S. Anulewicz
Geremy Gregory
Brooke W. Gram
Balch & Bingham LLP
30 Ivan Allen Jr. Blvd. NW, Suite 700
Atlanta, GA 30308
*Attorneys for HSBC Bank USA, National Association and
Wells Fargo Bank, National Association*

Brett C. Giordano
John Bunyan
Johannes S. Kingma
Carlock, Copeland & Stair LLP
191 Peachtree Street NE, Suite 3600
Atlanta, GA 30303
*Attorney for S. Andrew Shuping, Jr. and
Shuping, Morse & Ross LLP*


By placing the same in the United States Mail with all exhibits and with sufficient postage

2

affixed thereon to assure delivery.

    Respectfully submitted this 1st day of September, 2017.

P.O. Box 22063
St. Simons Island, Georgia 31522
(912) 268-8117
smbsmith@comcast.net

                              Marvin B. Smith, III

                              Sharon H. Smith

                              *Plaintiffs Pro Se*