IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MARVIN B. SMITH, III and SHARON H. SMITH,<br><br>     Plaintiffs,<br><br>v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION; WELLS FARGO BANK, NATIONAL ASSOCIATION; S. ANDREW SHUPING, JR.; SHUPING, MORSE & ROSS LLP; RUBIN LUBLIN, LLC; BRET CHANESS; and PETER LUBLIN,<br><br>     Defendants. | Case No. 2:15-cv-00070-LGW-RSB |

**RUBIN LUBLIN, LLC, BRET CHANESS, AND PETER LUBLIN'S
JOINDER IN RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

COME NOW, Rubin Lublin, LLC ("Rubin Lublin"), Bret Chaness ("Mr. Chaness" or "the undersigned"), and Peter Lublin ("Mr. Lublin") (collectively, the "Rubin Lublin Defendants"),[1] and hereby join in full in Defendants HSBC Bank USA, National Association and Wells Fargo Bank, National Association's Response in Opposition to Plaintiffs' Motion for Reconsideration [Doc. 89], and further respond in opposition to the Motion for Reconsideration [Doc. 87], respectfully showing this Honorable Court as follows:

---

[1] Mr. Lublin and the undersigned continue to contend that they are not properly joined defendants. *See* [Doc. 9], p. 10.

1

## ARGUMENT AND CITATION OF AUTHORITY

A.  THIS COURT HAS ALREADY FOUND THAT RES JUDICATA APPLIES TO THE RUBIN LUBLIN DEFENDANTS WITH RESPECT TO THE FRAUD ON THE COURT CLAIM

The Plaintiffs' only reference to the Rubin Lublin Defendants in their Motion for Reconsideration is the single statement that

> Peter Lublin of Rubin Lublin LLC was the party who intentionally misrepresented to the Bankruptcy Court and then to the Eleventh Circuit that the Smiths' loan had been transferred to another trust via an impossible pathway, as proved by certified SEC documents in the record, in order to obtain a substitution of parties; constituting fraud upon the Court.

*See* [Doc. 87], pp. 4-5. This argument is supported only by a lengthy quote from the Plaintiffs' Reply Brief filed in the 11th Circuit, in Case No. 16-11045. *Id.* at 5. Although not entirely clear, the Plaintiffs' appear to be arguing that this Court erred in finding that their fraud on the court claim was barred by the doctrine of res judicata.[2]

If this is, in fact, what the Plaintiffs are intending to argue, this Court has already addressed the argument in response to "[t]he Smiths argu[ing] that the parties have changed." [Doc. 84] at p. 9. In dismissing the fraud on the court claim, this Court found that "[a]lthough Rubin Lublin was not a party at the time of the Bankruptcy Court's order, privity is obvious – it filed the papers at issue." *Id.* Peter Lublin, the attorney who signed the papers at issue, is clearly covered by this finding. "Motions for reconsideration are not appropriate to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it 'could have done it better' the first time." *Perez v. Watts*, No. 2:15-cv-76, 2016 WL 3453427, at *1 (S.D. Ga. 2016) (Wood, C.J.) (quotations, citations, and alterations omitted).

---

[2] Although this Court analyzed res judicata with respect to the fraud on the court claim, as the Rubin Lublin Defendants noted previously, federal courts do not recognize such a cause of action. *See* [Doc. 9] at pp. 10-11.

Since this Court has already addressed this argument once, it is not proper to be reconsidered now, and the Plaintiffs' Motion must be denied.

In addition to arguing that Rubin Lublin and Mr. Lublin are different parties and therefore not covered by res judicata, the Plaintiffs attempt to argue that they have new evidence – in the form of a recorded assignment and certified documents from the U.S. Securities and Exchange Commission – that they did not previously present to the bankruptcy court to support their fraud on the court claim. However, this is yet another argument that was already addressed by this Court and rejected. *See* [Doc. 87] at p. 9 ("The Smiths say that the loan assignment and certain SEC documents were not in the record when the Bankruptcy Court ruled. Dkt. No. 17 at 9. But the Smiths do not explain why this was so."). Moreover, evidence is not "new" for purposes of res judicata if it was of public record at the time of the original proceeding. *See In re Ga. Granite Co., Inc.*, 86 B.R. 733, 739 (Bankr. N.D. Ga. 1988); *see also Manti's Transp., Inc. v. Citicapital Comm. Corp., Inc.*, No. CV-06-1699 (SJF)(RML), 2008 WL 977192, at *6 (E.D.N.Y. April 9, 2008) (collecting cases). Since the documents relied upon by the Smiths are of public record (according to them), it is not "new evidence" and the fact that they did not previously present it to the bankruptcy court is not of concern to this Court. As such, the Motion for Reconsideration must be denied.

**CONCLUSION**

For the foregoing reasons, the Rubin Lublin Defendants respectfully request that this Court deny the Plaintiffs' Motion for Reconsideration.

Respectfully submitted, this 19th day of September, 2017.

>   */s/ Bret J. Chaness*
>   BRET J. CHANESS (GA Bar No. 720572)
>   **RUBIN LUBLIN, LLC**
>   3145 Avalon Ridge Place, Suite 100
>   Peachtree Corners, GA 30071
>   (678) 281-2730 (Telephone)
>   (404) 921-9016 (Facsimile)
>   bchaness@rubinlublin.com
>   *Pro se and attorney for Rubin Lublin, LLC and Peter Lublin*

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 19th day of September, 2017, served all parties in this matter with the foregoing by CM/ECF and by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Marvin B. Smith, III
P.O. Box 22063
St. Simons Island, GA 31522

Sharon H. Smith
P.O. Box 22063
St. Simons Island, GA 31522

Christopher S. Anulewicz
Balch & Bingham LLP
30 Ivan Allen Jr. Blvd NW, Suite 700
Atlanta, GA 30308

Johannes S. Kingma
Brett Giordano
Carlock, Copeland & Stair LLP
191 Peachtree Street NE, Suite 3600
Atlanta, GA 30303

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)