# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

MARVIN B. SMITH, III & SHARON
H. SMITH,

     Plaintiffs,

     vs.

HSBC BANK USA, N.A.; WELLS
FARGO BANK, N.A.; S. ANDREW
SHUPING, JR.; SHUPING, MORSE &
ROSS LLP; RUBIN LUBLIN, LLC;
BRET CHANESS; and PETER LUBLIN,

     Defendants.

2:15-CV-70

## ORDER

Before the Court are two Motions for Reconsideration from Plaintiffs Marvin B. Smith, III and Sharon H. Smith: the first asking the Court to reconsider its Order on Motion to Stay (Dkt. No. 85), and the second asking the Court to reconsider its Order on the Motion to Dismiss, the Motion for Reconsideration, the Motion for Miscellaneous Relief, the Motion to Stay, the Motion to Amend/Correct, and the Motion to Strike (Dkt. No. 87). For the reasons set forth below, Plaintiffs' Motions for Reconsideration are **DENIED**.

**FACTUAL BACKGROUND**

For over a decade, the Smiths have been involved in a bankruptcy case. In re Smith, No. 07-20244 (Bankr. S.D. Ga. Apr. 2, 2007). On August 8, 2017, Plaintiffs moved to enforce a bankruptcy stay they claim prevented HSBC from foreclosing on the Property and evicting Plaintiffs. Dkt. No. 69. That same day, the Court found that HSBC had not violated any such bankruptcy stay because a Consent Order entered in Plaintiffs' bankruptcy permitted HSBC to foreclose and evict Plaintiffs from the Property. Dkt. No. 70.

Thereafter, on September 1, 2017, the Court dismissed Plaintiffs' federal claims. Dkt. No. 84 p. 14. The Court found that Plaintiffs' claims of fraud upon the Court were meritless, because the Bankruptcy Court had rejected these contentions "half a decade ago." Dkt. No. 84 p. 9. The Court likewise found that the contention was bound by res judiciata because (1) Plaintiffs had previously made this argument before the Bankruptcy Court, and the argument was rejected, and (2) to the extent any additional evidence now exists that Plaintiffs could have brought before the Bankruptcy Court in support of this claim, res judicata barred any claims or new evidence Plaintiffs could have brought before the Bankruptcy Court. Id. The Court likewise dismissed Plaintiffs' claim under the federal Fair Debt Collection Practices Act. Id. at 10. Lastly, the Court found:

AO 72A
(Rev. 8/82)

(1) that Plaintiffs' constitutional claims were meritless, and (2) Plaintiffs' federal RICO claim was due to be dismissed. In the Order, the Court found that "[a]ll other outstanding motions are DENIED as moot." Id. at 14.

On the same day the Court entered its dismissal, Plaintiff entered a Motion for Reconsideration asking for the Court's reconsideration of its Order on the Motion to Stay. Dkt. No. 85. On September 5, 2017, Plaintiffs submitted another Motion for Reconsideration: this time of the Court's Order dismissing the case. Dkt. No. 87.

## LEGAL STANDARD

[R]econsideration of an earlier order is an extraordinary remedy, which should be granted sparingly." Whitesell Corp. v. Electolux Home Prods., Inc., 2010 WL 4025943, at *7 (S.D. Ga. 2010). In order to grant such a motion, "[t]here must be a reason why a court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to amend its prior decision." Mehta v. Foskey, 2013 WL 1808764, at *1 (S.D. Ga. 2013). Reconsideration is only appropriate if the moving party demonstrates: (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. Estate of Pidcock By and Through Pidcock v. Sunnyland Am., Inc., 726 F. Supp. 1322,

AO 72A
(Rev. 8/82)

1333 (S.D. Ga. 1989). Any decision to grant a motion for reconsideration rests within the sound discretion of the district court. Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab Servs., 225 F.3d 1208, 1216 (11th Cir. 2000).

A motion for reconsideration is not properly used as a vehicle "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003). Nor do such motions present an opportunity to instruct the Court on how it "'could have done it better' the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995).

## DISCUSSION

Plaintiffs raise several arguments as to why their Motions for Reconsideration are due to be granted. The Court examines each in turn, determining whether any of the issues raised demonstrate: (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice, which would justify the Court's reconsideration. Estate of Pidcock, 726 F. Supp. at 1333.

AO 72A
(Rev. 8/82)

I.  **Issues Raised in the Motion for Reconsideration of the Order on the Motion to Stay (Dkt. No. 85)**

Plaintiffs ask for reconsideration of the Order on the Motion to Stay on two grounds. Neither ground serves as a basis for the Court's reconsideration of its prior Order.

  A. **Whether Plaintiffs' mortgage was in the trust for which HSBC serves as trustee**

First, Plaintiffs argue that their mortgage was not in the trust for which HSBC serves as trustee. Dkt. No. 85, pp. 3-4. This contention, however, is incorrect; as the proper assignee of the Security Deed, HSBC was entitled to seek relief from the automatic stay via the Consent Order, foreclose on the Property, and seek Plaintiffs' eviction. Dkt. No. 70.

Moreover, Plaintiffs lack standing to bring such a claim. In Georgia, "a person who is not a party to a contract, or an intended third-party beneficiary of a contract, lacks standing to challenge or enforce a contract under Georgia law." Haynes v. McCalla Raymer, LLC, 793 F.3d 1246, 1251 (11th Cir. 2015). As third parties to the security deed, Plaintiffs do not have standing to challenge its assignment. As such, Plaintiffs' first argument does not justify the Court's reconsideration of the Order on the Motion to Stay.

## B. Whether HSBC Bank USA was an authorized agent of Countrywide Home Loans, Inc.

Plaintiffs next argue that "HSBC Bank USA was not an authorized agent and was not relieved from the stay when Countrywide Home Loans, Inc. was." Dkt. No. 85, p. 3. Plaintiffs have made this argument before. And at least twice, the Court has found it to be untenable. First, in 2009, the Bankruptcy Court—in an order denying a motion by Plaintiffs to vacate the Consent Order—remarked on Plaintiffs' argument that

> "Countrywide fraudulently misrepresented itself as the real party in interest, both in its proofs of claim and its motion for relief from stay. This assertion is wholly without merit. First, when the Smiths agreed to the Consent Order, they waived the right to litigate the question of whether Countrywide is the real party in interest. Second, misrepresentation alone is not an adequate basis for relief."

In re Smith, No. 07-20244, Dkt. 206 (Bankr. S.D. Ga. 2009). Likewise, in denying Plaintiff's original motion to enforce the automatic bankruptcy stay, this Court found Countrywide Home Loans, Inc. was the "Servicing Agent for HSBC Bank USA." Dkt. No. 70, p. 1.

In having previously raised this argument and simply reiterating it now, Plaintiffs fail to identify (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice, which would justify the Court's reconsideration. Estate of Pidcock, 726 F. Supp. at 1333.

AO 72A
(Rev. 8/82)

Neither of Plaintiffs' two arguments is sufficient to justify reconsideration. As such, Plaintiffs' Motion on for Reconsideration of the Order on the Motion to Stay (Dkt. No. 85) is DENIED.

## II. Issues Raised in the Motion for Reconsideration of the Order on the Motion to Dismiss (Dkt. No. 87)

The Court next turns to Plaintiffs' arguments in support of Reconsideration of the Order on the Motion to Dismiss. Here, too, none of Plaintiffs' arguments serves as a proper basis for the Court's reconsideration of its prior Order.

### A. Whether Plaintiffs' Mortgage was in the trust for which HSBC serves as trustee, and whether Countrywide Home Loans, Inc. was properly in an agency relationship with HSBC

In their second Motion for Reconsideration, Plaintiffs repeat two of the same arguments raised in their previous Motion for Reconsideration: that Plaintiffs' mortgage was not in the trust for which HSBC serves as trustee, and that Countrywide Home Loans, Inc. was not properly in an agency relationship. Dkt. No. 87, pp. 3-4. As concluded above, neither of these arguments offers new law, new evidence, or else clear error that would justify the Court's reconsideration.

### B. Whether Res Judicata Applies

Plaintiffs appear to argue that *res judicata* does not apply, as the "Eleventh Circuit's substitution of parties and the injunction were a result of fraud upon the Court by Defendants." Dkt. No. 87, p. 2. Plaintiffs have made this argument before. Dkt. No. 1-1 at 70-72. And this Court rejected it before. This Court previously explained that it does indeed "fail[] due to *res judicata.*" Dkt. No. 84, p. 8. As Plaintiffs failed to offer new law, evidence, or clear error supporting their repeated argument, the argument does not justify the Court's reconsideration.

### C. Whether Circumventing a Hearing on the Merits of the Case is an Offense to Fifth Amendment Due Process

Next, Plaintiffs argue that circumventing a hearing on the merits of this case would be an offense to Fifth Amendment Due Process. Dkt. No. 87, p. 8. But "[d]ue process does not, of course, require that the defendant in every civil case actually have a hearing on the merits." Boddie v. Connecticut, 401 U.S. 371, 378 (1971). The Smiths filed extensive pleadings in this matter, and those have received the Court's due care and consideration. See Matthews v. Eldridge, 424 U.S. 319, 349 (1976) (due process is satisfied when the litigant receives notice and an opportunity to be heard).

Second, the Smiths argue that this Court previously "stated in its Order denying the Smiths' Motion to Remand Under the *Younger* Abstention Doctrine, Dkt. No. 61, that it would consider the Smiths request to repair pleadings; however, the case was dismissed without any such opportunity." Dkt. No. 87, p. 8. Plaintiffs argue that as *pro se* litigants, they should be given opportunity to correct their pleadings rather than have their motions denied if they are deficient. Dkt. No. 87, p. 10.

A party may amend its pleading once as a matter of course within 21 days after serving it, or, if the pleading is one to which a responsive pleading is required, 21 days after the earlier of service of a responsive pleading or of a motion under Fed. R. Civ. P. 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). A party may otherwise only amend its pleading with the opposing party's written consent or the court's leave, and the court's leave must be freely given if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief. See Fed. R. Civ. P. 15(a)(2); Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004). A party ordinarily must be given at least one opportunity to amend before the district court dismisses the complaint. Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005).

Certainly, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will,

AO 72A
(Rev. 8/82)

therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). But such leniency neither requires nor allows courts to rewrite an otherwise deficient pleading in order to sustain an action. GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). A district court need not, moreover, allow an amendment where it would be futile: that is, where the complaint as amended would still be subject to dismissal. Hall, 367 F.3d at 1262–63.

Here, the Court found that all of Plaintiffs' federal claims were due to be dismissed: because of *res judicata*, because the foreclosure sale did not raise constitutional concerns, because resort to RICO would be improper, and because neither Rublin Lublin nor Shuping is a "debt collector" under the FDCPA. See generally Dkt. No. 84. Because all federal claims were dismissed, the Court declined to exercise supplemental jurisdiction over the Smiths' state claims. Dkt. No. 84 p. 14; see Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997) ("When the district court has dismissed all federal claims from a case, there is a strong argument for declining to exercise supplemental jurisdiction over the remaining state law claims.").

Even if Plaintiffs had been given leave to amend their complaint, that complaint would have remained deficient as a matter of law. As such, Plaintiffs' complaint—even as amended—

would have been dismissed. The Court was therefore not required to grant leave to amend the complaint. See Hall, 367 F.3d at 1262-63.

### D. Whether Dismissing the Case as Frivolous Would Constitute an Offense to Due Process

Plaintiffs argue that should their case be dismissed as frivolous, such dismissal would be an offense to due process. Dkt. No. 87, p. 10. But this Court did not dismiss the case as frivolous; rather, the Court found that the federal claims were due to be dismissed, and refused to exercise supplemental jurisdiction over the state law claims. Dkt. No. 84, p. 14. Plaintiff's argument is therefore not applicable.

As such, Plaintiffs have not demonstrated (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice, which would justify the Court's reconsideration of its Order on the Motion to Dismiss. See Estate of Pidcock, 726 F. Supp. at 1333. As such, this Motion, too, is due to be DENIED.

### CONCLUSION

For the foregoing reasons, Plaintiffs' Motions for Reconsideration of the Order on Motion to Stay (Dkt. No. 85), and of the Order on the Motion to Dismiss, the Motion for Reconsideration, the Motion for Miscellaneous Relief, the Motion

to Stay, the Motion to Amend/Correct, and the Motion to Strike (Dkt. No. 87) are **DENIED**.

     **SO ORDERED**, this 5th day of February, 2018.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)