# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| MARVIN B. SMITH, III & SHARON H. SMITH,<br><br>         Plaintiffs,<br><br>v.<br><br>HSBC BANK USA, N.A.; WELLS FARGO BANK, N.A.; S. ANDREW SHUPING, JR.; SHUPING, MORSE & ROSS LLP; RUBIN LUBLIN, LLC; BRET CHANESS; and PETER LUBLIN,<br><br>         Defendants. | 2:15-CV-70 |

### ORDER

Before the Court is a Motion for Indicative Ruling filed by Plaintiffs Marvin B. Smith, III and Sharon H. Smith. Dkt. No. 99. For the reasons set forth below, Plaintiff's Motion for Indicative Ruling is **DENIED**.

### BACKGROUND

For over a decade, the Smiths have been involved in a bankruptcy case. In re Smith, No. 07-20244 (Bankr. S.D. Ga. Apr. 2, 2007). On August 8, 2017, Plaintiffs moved to enforce a bankruptcy stay they claim prevented HSBC from foreclosing on their home and evicting Plaintiffs. Dkt. No. 69. That same day, the Court found that HSBC had not violated any such bankruptcy stay

because a Consent Order entered in Plaintiffs' bankruptcy case permitted HSBC to foreclose and evict Plaintiffs from their home. Dkt. No. 70. Thereafter, on September 1, 2017, the Court dismissed Plaintiffs' federal claims. Dkt. No. 84 at 14.

On the same day the Court entered its dismissal, Plaintiffs filed a Motion for Reconsideration asking for the Court's reconsideration of its Order on the Motion to Stay. Dkt. No. 85. On September 5, 2017, Plaintiffs submitted another Motion for Reconsideration: this time of the Court's Order dismissing the case. Dkt. No. 87. On February 5, 2018, the Court denied both of Plaintiffs' Motions for Reconsideration. Dkt. No. 95. On February 26, 2018, Plaintiffs appealed the Court's Order granting the Motion to Dismiss Plaintiffs' federal claims. Dkt. No. 96. That appeal is still pending resolution in the Eleventh Circuit Court of Appeals. With that appeal pending, Plaintiffs filed this Motion for Indicative Ruling pursuant to Federal Rule of Civil Procedure 62.1. Dkt. No. 99.

In their Motion for Indicative Ruling, Plaintiffs request the Court "to prevent manifest injustice" regarding two of the Court's Orders: (1) its Order denying Plaintiffs' Emergency Motion to Stay Writ of Possession and to Enforce the Automatic Stay, dkt. no. 70; and (2) its Order granting dismissal of Plaintiffs' federal claims, dkt. no. 84. Plaintiffs argue that the Court should issue an indicative ruling indicating that it would modify these two Orders

on account of "new evidence." The "new evidence" Plaintiffs point to is a letter they received on May 18, 2018. Dkt. No. 99-1. The letter, Plaintiffs claim, proves that the entity that foreclosed on Plaintiffs' former residence and then evicted Plaintiffs from that residence was aware that the subject debt[1] had been disallowed and discharged by the bankruptcy court.

## DISCUSSION

Plaintiff's Motion for an Indicative Ruling is brought pursuant to Federal Rule of Civil Procedure 62.1, which provides in relevant part:

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a).  "Federal Rule of Civil Procedure 62.1 lays out a district court's options when faced with a motion for

---

[1] The term "subject debt" means the underlying debt that permitted foreclosure on the Smiths' home.

relief it cannot grant because of a pending appeal." Johnson v. KeyBank Nat'l Assoc (In re Checking Account Overdraft Litig.), 754 F.3d 1290, 1297 (11th Cir. 2014).

By its terms, Rule 62.1 requires an underlying motion for relief. Without an underlying motion for relief, a Rule 62.1 Motion for Indicative Ruling fails. Here, the Smiths have not filed a motion for relief in addition to their Motion for Indicative Relief. Thus, the Court cannot take one of the three options permitted by Rule 62.1(a)(1)-(3). This interpretation is backed by the Eleventh Circuit in Johnson, which recognized that a district court can only exercise one of the options set forth in Rule 62.1(a) when it is "*faced with a motion for relief* it cannot grant because of a pending appeal." 754 F.3d at 1297 (emphasis added). See also Madura v. BAC Home Loans Servicing, LP, 655 F. App'x 717, 724 (11th Cir. 2016) (emphases added) ("[T]he range of options provided by Rule 62.1 for *addressing a post-appeal motion* allows district judges sufficient flexibility to *address a motion* . . . without undermining the appellate court's resolution of the appeal."); Kenning v. Berryhill, 2018 WL 1640598, at *2 (W.D.N.Y. Apr. 5, 2018) ("Procedurally speaking, however, there is no basis for a free-standing Rule 62.1 motion, asking the district court to provide an advisory or indicative ruling informing the circuit court of appeals what it would do if the case were to be remanded."; Medgraph, Inc. v. Medtronic, Inc., 310 F.R.D. 208, 210 (W.D.N.Y.

2015) ("In other words, procedurally there is no basis for an independent, freestanding Rule 62.1 motion, asking the district court, in the abstract as it were, to advise the court of appeals what it would do if the court of appeals were to remand the case. Medgraph has not filed any motion for relief, apart from its motion under Rule 62.1, and the motion is subject to denial on that ground alone."); Ramirez v. Crews, 2014 WL 12693226, at *3 (S.D. Fla. Oct. 21, 2014), report and recommendation adopted, 2015 WL 13333652 (S.D. Fla. Aug. 24, 2015), aff'd sub nom. Ramirez v. Fla. Dep't of Corr., 684 F. App'x 927 (11th Cir. 2017) ("Federal Rule of Civil Procedure 62.1 is intended to be used in conjunction with a separate motion seeking relief, such as a Rule 60(b) motion to vacate judgment."). For this reason, Plaintiffs' Motion is due to be **DENIED**.

Nevertheless, in an abundance of caution, the Court holds that even if Plaintiffs' Motion is treated as containing a separate motion for relief from a final judgment pursuant to Federal Rule of Civil Procedure 60(b), the Motion is due to be denied. Plaintiffs aver that the new evidence proves that Defendants made representations to the Court that "were false, constituting intentional misrepresentation." Dkt. No. 99 at 12-13.

"Rule 60(b)(3) allows a court to grant relief from a final judgment if the moving party proves by clear and convincing evidence that an adverse party has obtained the verdict through

fraud, misrepresentation, or other misconduct. The moving party must also show that the conduct prevented the losing party from fully and fairly presenting his case or defense." Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1287 (11th Cir. 2000) (citations omitted). Plaintiffs have not met their burden in three ways, each a sufficient ground for denying their Motion.

First, Plaintiffs argue that the newly discovered evidence shows that Defendants "knew or should have known of the Smiths' bankruptcy proceeding and discharge of the subject debt" but that Defendants "proceeded in violation of bankruptcy injunctions to foreclosure and eviction." Dkt. No. 99 at 7. The newly discovered evidence is a letter from Nationstar Mortgage LLC to the Smiths stating that "[o]ur records indicate that the debt associated with the above-referenced property was subject of a bankruptcy proceeding and discharged by order of the Court." Dkt. No. 99-1 at 2. Plaintiffs have not shown by clear and convincing evidence that the debt that the letter references was the subject debt of the foreclosure. It is possible that the debt referenced in the letter was merely unsecured debt that remained after the foreclosure and was subsequently discharged. If that is the case, then the Court has not been defrauded because foreclosure of the secured portion of the debt would have been proper. For this reason, Plaintiffs' Motion is due to be **DENIED**.

Second, Plaintiffs have not shown that Defendants conduct prevented them from fully and fairly presenting their case to the Court regarding the two Orders at issue. Plaintiffs argue that "Defendants had access to Nationstar Mortgage's records, and therefore, knew or should have known of the Smiths' bankruptcy proceeding and discharge of the subject debt." Dkt. No. 99 at 7. The new evidence, Plaintiffs argue, shows that Nationstar knew Plaintiffs' debt was discharged as stated in the letter, and thus that the Defendants also should have known that the debt was discharged because of the Defendants' relationship with Nationstar. Nevertheless, Plaintiffs contend that the subject debt was discharged on June 1, 2016. It was not until August 10, 2017, that HSBC Bank, USA, N.A. began eviction of the Smiths from their home. Plaintiffs have not explained why they were prevented from fully and fairly litigating the issue of whether the eviction was proper when Plaintiffs were aware that their debt was allegedly discharged on June 1, 2016.

In fact, Plaintiffs, in their Motion for Indicative Ruling, recognize that they had such knowledge and ability to fully and fairly litigate this point: "Clearly Defendants knew or should have known that the Trustee had objected to Claim #10 of Countrywide Home Loans, Inc., Banrk. Dkt. #588; and on March 11, 2013 [sic] Judge Dalis issued an Order disallowing Claim # 10, Bankr. Dkt. #603. . . . Consequently, in the present case, the

7

Bankruptcy Court's disallowance in 2013 of the claim #10 rendered the subject lien void under 11 U.SC. [sic] § 506(d) upon the Smiths discharge June 1, 2016." Dkt. No. 99 at 10. The quoted language shows that Plaintiffs were aware, or should have been aware, of the evidence that allegedly shows that the subject lien was voided upon discharge, and thus discharged. Therefore, Plaintiffs admit that they had, or should have had, knowledge that the subject debt was discharged "upon the Smiths' discharge June 1, 2016." Id. For this reason, Plaintiffs' Motion is due to be **DENIED**.

Finally, the new evidence does not change the results of the two Orders Plaintiffs identify, dkt. nos. 70, 84. Regarding dkt. no. 70, there the Court denied Plaintiffs' motion to stay dispossession. The Court found that the entity evicting the Smiths was properly relieved from the automatic stay. Dkt. No. 70 at 1-2. The reasoning of that Order is not affected by the new evidence, and Plaintiffs have neither argued nor shown that it is. Turning to dkt. no. 84, the new evidence presented by Plaintiffs, again, does not affect the reasoning or conclusions of the Order. Plaintiffs have not described which of the numerous determinations should come out differently in light of the new evidence. The Court finds that none of the determinations made by the Court in its Order, dkt. no. 84, would be changed when taking into consideration the new evidence Plaintiffs presented in the present Motion. Accordingly, Plaintiffs' Motion is due to be **DENIED**.

8

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Indicative Ruling, dkt. no. 99, is **DENIED**.

**SO ORDERED**, this 3rd day of December, 2018.

                                            _____
                                            HON. LISA GODBEY WOOD, JUDGE
                                            UNITED STATES DISTRICT COURT
                                            SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)